ROBERT L. MARTIN, Appellee-Plaintiff,

*v.*

SOUTHERN RAILWAY Co. and J. L. Phipps,
Appellants-Defendants.

JOHN W. BRADLEY, bnf., Naomi M. Bradley,
Appellee-Plaintiff,

*v.*

SOUTHERN RAILWAY Co. and J. L. Phipps,
Appellants-Defendants.

463 S.W.2d 690.

(*Knoxville,* September Term, 1970.)

Opinion filed January 18, 1971.

Bacon, Dugger & Jessee, Reed & Terry, Morristown, for appellees-plaintiffs.

Taylor, Inman, Tilson & Line, Morristown, for appellants-defendants.

McCanless, Justice, did not participate.

Mr. Chief Justice Dyer delivered the opinion of the Court.

These two suits, consolidated for trial, resulted from an automobile-train collision in Morristown, Tennessee, wherein plaintiff, Robert L. Martin was awarded judgment against Southern Railway Company and J. L. Phipps (the engineer operating the train at the time), in the sum of $5,000.00, and plaintiff, John W. Bradley was awarded a judgment against the same defendants in the amount of $350,000.00. Upon appeal the Court of Appeals has affirmed and we granted certiorari. One of the assignments of error in this Court is as follows:

The Court of Appeals erred in refusing to order a remittitur in Bradley, and in "assuming" from argument of counsel that One Hundred and Forty Thousand Dollars ($140,000.00) of the verdict was attributable to the cost of an attendant, although admittedly there was a complete absence of proof as to this element of damage.

Three facts are admitted which are pertinent to the action of the Court of Appeals in refusing to suggest a remittitur in the award made to Bradley. First, Bradley will need constant care for the balance of his life; second, there is no proof in the record as to the probable cost of such future care; and, third, the actual proven expenses, including loss of earnings, past and future, was $142,000.00. Under these facts on this issue of a remittitur the Court of Appeals said:

We have referred to the necessity that the patient have an attendant during waking hours, normally 16 hours per day. As argued by his counsel, assuming an attendant can be hired at one dollar an hour the cost of an attendant for the period of his expectancy will amount to approximately $140,000.00.

If the jury accepted the figures $140,000.00 and $142,-000.00 and deducted these amounts from $350,000.00, less than $75,000.00 was awarded as damages for pain and suffering and deprivation of the enjoyment of life. The jury and trial judge saw the plaintiff and were in much better position than this court to form an intelligent opinion of the inconvenience and discomfort, if not actual pain, he will suffer during the remainder of his life. If enough intelligence remains for him even partially to realize his condition his injuries are indeed horrendous and devastating. The judge and jury could have an opinion as to his remaining intelligence, we can not with any assurance of accuracy.

Taking the proven damages of $142,000.00 from the award of $350,000.00, we have the figure of $208,000.00, which we would have to assume the jury awarded for the

intangible elements of damage such as pain, suffering, inconvenience, and deprivation of the normal enjoyments of life.

In sustaining this award of $208,000.00 the Court of Appeals apparently has accepted the argument of counsel that the jury having proof of the need of future care could have assumed the cost of such would be at least $1.00 per hour, reaching by use of the life expectancy figure the sum of $140,000.00. Southern Railway argues the Court of Appeals by using such reasoning has, in fact, accepted the argument of counsel to supply evidence not in the record.

We agree a court in determining the excessiveness of an award in a personal injury case cannot justify such by assuming a particular cost resulting from admitted damage absent proof in the record as to such probable cost. We will have to determine if this award is so excessive as to require a remittitur absent any figure as to the cost of future care.

In *Lambert Bros. v. Larkins,* 200 Tenn. 674, 296 S.W. 2d 353 (1956), this Court held where there had been a concurrence of the trial court and the Court of Appeals as to the amount of damages, if such be supported by material evidence, then this Court would not interfere. An exception to this is where there is a claim of corrupt verdict which is not an issue in the case at bar. We do not think *Lambert Bros. v. Larkins,* supra, has any application to this case, since in approving the award made the Court of Appeals apparently has taken into consideration a particular figure representing the cost of future care which is not supported by evidence in the record.

Plaintiff Bradley, white, male, age 49, was a passenger in the automobile involved and had retired from the U. S. Navy a few days prior to the accident. He was in robust health, having a life expectancy of 23.81 years.

Bradley received very serious injuries to his abdomen, chest and head. A part of the abdomen was pushed into the area of the lungs, necessitating an emergency chest operation to enable Bradley to breathe. The skull was so fractured that one-fourth of a measuring cup of the brain had to be removed, it being the part controlling speech and ability to concentrate. Bradley is, at times, not fully conscious of his surroundings, often emotional —either laughing or crying—and at times belligerent. He can only speak one or two words and walks with great difficulty, due to the lack of equilibrium. He cannot control saliva and needs a cup to prevent soiling his clothing. It is not argued Bradley is other than totally and permanently disabled and, as previously stated, will need constant care the remainder of his life.

One of the methods used in determining the issue of excessive awards is to compare the amount awarded in other cases having similar facts. *Town of Clinton v. Davis*, 27 Tenn.App. 29, 177 S.W.2d 848 (1944).

The facts in the case at bar are similar to the facts in *Dixie Feed and Seed Co. v. Byrd*, 52 Tenn.App. 619, 376 S.W.2d 745 (1963). In this case the plaintiff, Byrd, received serious and permanent injuries leaving him paralyzed from the navel down, which disabilities required that he have someone to care for him in certain particulars for the remainder of his life. There was evidence as to the cost of a nurse to care for Byrd, but the evidence was conclusive a nurse was not needed, and the

court rejected the evidence as to the cost of a nurse. After rejecting this evidence there was no evidence as to the cost of the type of person Byrd would need for his future care, which is the same situation as in the case at bar.

In the *Dixie Seed* case the total award was $380,000.00. The actual proven expenses, including loss of earnings, past and future, were $105,951.00. This left approximately $274,000.00 awarded for the intangible elements of damage which, after the suggested remittitur, would be reduced to $164,000.00. Considering the jury in the case at bar awarded $208,000.00 for the intangible elements of damage, then the award in the case at bar for such damages is $54,000.00 greater than in the Byrd case.

■ On this issue we can also consider the impaired purchasing power of the dollar. *Foster & Creighton Co. v. Hale,* 32 Tenn.App. 208, 222 S.W.2d 222 (1949); *Monday v. Millsaps,* 37 Tenn.App. 371, 264 S.W.2d 6 (1953).

In the *Dixie Seed* case the injuries were sustained in 1962, and in the case at bar in October, 1968, a span of over five years. During this span of five years the purchasing power of the dollar due to the continual rise in the cost of all goods and services was impaired on the average of four per cent per year or a total of twenty per cent. This fact commonly referred to as inflation is of such common and general knowledge the Court can take judicial notice of such.

Since compensation means compensation in value; that is the value of the dollar lies in what it will buy, then in order to compare the award for the intangible elements of damage in the *Dixie Seed* case against the award for the intangible elements of damage in the case

at bar we will have to add twenty per cent to the *Dixie Seed* award of $164,000.00, making for comparison purposes the sum of $196,800.00. Viewed in this light there is a difference in these awards of $11,200.00 favorable to the award in the case at bar.

In *Monday v. Millsaps*, supra, the Court said:

"The amount of the verdict is primarily for the jury to determine, and next to the jury the most competent person to pass upon the matter is the judge who presided at the trial and heard the evidence." 37 Tenn. App. at 412, 264 S.W.2d at 25.

■ In view of the injuries received by Bradley, which have been described as horrendous, we cannot say the amount awarded strikes us as unreasonable or excessive.

We have considered the other assignments of error and agree with the disposition made of them by the Court of Appeals.

The judgment is affirmed.

CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur; McCANLESS, JUSTICE, not participating.